DEE MARLEY, Plaintiff
2049 Carfax Avenue
Long Beach, CA 91311
Mailing Address: 3519 E. Delta Avenue
Mesa, Arizona 85204



FILED
Oct 21 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ darcig        DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DIVISION
## STATE OF CALIFORNIA

| | |
|---|---|
| DEE MARLEY, a married man;<br>　　Plaintiff<br>vs.<br>SELECT PORTFOLIO SERVICES INC; a Utah Corporation;<br>　　Defendant(s) | CASE NO:   '14CV2501 AJB  RBB<br><br>VERIFIED COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

**COMES NOW,** the Plaintiff DEE G. MARLEY former brings this Verified Complaint against the defendants as follows;

**I.**                          **INTRODUCTION**

1. This action is brought by Plaintiff for various violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC§1692et, al, OCGA§10-1-393, Deceptive Practices Act and tort claims for Invasion of Privacy respectively.

**II.**                          **THE PARTIES**

2. Plaintiff "DEE G. MARLEY" resides in the State of California. The acts complained of by defendants occurred in this State. Plaintiff is a "consumer" as that term is defined in 15 USC§1692a (3), and California Rosenthal Act §1788.1. Plaintiff is owner of the subject property located at 2049 Carfax Avenue, Long Beach CA 91311 in simple fee.

3. Defendant "SELECT PORTFOLIO SERVICING INC" ("SPS") does business in the State of California as a foreign entity formed under the laws of the State of Utah. It

has a principle place of business and can be served at its principal location 3815 S. West Temple, Utah 84115. Defendant "SPS" is listed as a Collection Agency within its corporate charter.

### III. JURISDICTION AND VENUE

4. The US District Court Southern Division of California has jurisdiction pursuant to 15 USC§1692 et, al. Venue is proper as the Plaintiff lives in the State California and the violations complained occurred while in this state. The district court has concurrent jurisdiction over Plaintiffs tort claims pursuant to 28 USC §1367.

### IV. FACTUAL ALLEGATIONS

5. Plaintiff brings this action regarding defendant's "SPS" attempts to collect an alleged debt in violation of 15 USC§1692 *et*, al and California Rosenthal Act §1788.1 respectively.

6. Defendant "SPS" alleges Plaintiff executed a Promissory Note and Deed of Trust on December 8, 2006 in favor of Washington Mutual Bank FSB ("hereinafter "WAMU") in the amount of $560,000.00. Plaintiff specifically denies executing any Note and Deed of Trust, specifically denies any loan received, specifically denies any default alleged or otherwise. Plaintiff also denies defendant "SPS" and any other parties, assigns, or successors are authorized and or legal standing to collect any debt by non-judicial foreclosure or any other method. Plaintiff also denies having any debt with any entity regarding Plaintiff's subject property.

7. Upon belief Washington Mutual Bank FSB failed and was put into receivership with the FDIC. Subsequently the FDIC sold certain assets of WAMU that was acquired by Chase Bank in September 2008.

8. Plaintiff received an alleged "Assignment of Deed of Trust" that was recorded in the Los Angeles County Recorder's Office [1]pursuant to Document No. 2010666887. The

---

[1] Defendant "SPS" acts in issuing the Notice of Sale is not in compliance with alleged Deed of Trust which requires certain notices as a condition precedent prior to issuing such notices.

document was recorded on November 18, 2010 and executed on November 10. 2010. The document may be considered a legal form as defined in §1692j. (see, "Exhibit A")

9. Accordingly the assignment defendant "SPS" relies upon was executed while the alleged debt was in default §1692a (4), thereby deeming defendant "SPS" a debt collector pursuant to §1692a (6).

10. The assignment purports to transfer the alleged debt (Deed of Trust) to WMALT 2007-OA3. Upon information and belief through research of the Plaintiff, this entity is a REMIC (Real Estate Mortgage Investment Conduit) used in securitization of loans. Plaintiff derived information from the SEC (Securities and Exchange Commission) demonstrates this entity was formed on January 2007. Based on information obtained from the SEC website the Depositor, meaning the entity that owned the alleged debt prior to its sale to the REMIC was Washington Mutual Investments ("WMI"). Upon information and belief contained in the SEC the life span of these REMIC entities are ninety (90) days from cut-off date to closing.

11. The cut-off date of the WMALT 2007-OA3 REMIC is March 1, 2007, with a closing date of April 28, 2007. Therefore the last date this WMALT 2007-OA3 REMIC was functioning pursuant to its Pooling and Servicing Agreement was April 28, 2007.

12. Consequently the "Assignment" defendant 'SPS" relies upon could not be authentic as it purports to assign the alleged debt more than three (3) years after the WMALT 2007-OA3 REMIC ceased operations. Nonetheless the WMALT 2007-OA3 received the alleged debt while in default which deems it a "debt collector" pursuant to §1692a (6). Therefore the Plaintiff asserts that all parties to this alleged transaction may be debt collectors subject to liability pursuant to the FDCPA and Rosenthal Act. Additionally, neither defendant's would be considered creditors and or Lenders within the framework of the alleged Deed of Trust.

13. Defendant "SPS" alleges Plaintiff defaulted on the Note that has been in default since March 1, 2010 with an alleged amount due and owing of $630.430.96. Defendant also alleges it is conducting a non-judicial foreclosure sale of Plaintiffs property on October 28,

2014. (see, Notice of Sale "Exhibit B"). Defendant "SPS's notices constitutes a "communication" pursuant to §1692a (2). Defendant "SPS" "Notice of Sale" differs from previous "<u>Notices of Trustee Sale</u>" received by Chase Bank. (see, "Exhibit C")

14. Plaintiff has also received previous dunning notices from alleged servicer Chase Bank demanding an amount due and owing of $714,089.99. (see, "Exhibit D") The two conflicting alleged amounts due and owing of $714,089.99 and $630,430.96, constitute violations of §1692f (1), §1692e (2)(10)(11) respectively.

15. Plaintiff on October 1, 2014 served upon defendant "SPS" a Notice of Dispute in accordance with 15 USC§1692g by FED Ex complete with a tracking number confirming receipt. (see, "Exhibit E") The notice requested specific information so that Plaintiff could ascertain the validity of defendant "SPS" alleged debt.

16. Plaintiff received a response to Plaintiff's dispute letter from defendant "SPS" on October 13, 2014 dated October 8, 2014, and an additional response on October 16, 2014 dated October 10, 2014. Defendant "SPS" response contains very complicated information such as who the alleged creditor is. In addition to this the verification lacks any information in terms of an amount allegedly sue and owing in compliance with §1692g. (see, Response "Exhibit F") Defendant also failed to answer other pertinent and needed information requested by Plaintiff to ascertain if their alleged claims. Defendant "SPS" sent Notice to Plaintiff on September 28, 2014 alleging the servicing rights was transferred, sold, and or assigned from JP Morgan Chase to "SPS".(see, "Exhibit G") Plaintiff is indeed further confused regarding this claim by "SPS" as nothing within the Deed of Trust allows for transfer or sale of servicing rights. Additionally there is no document Plaintiff can rely upon that affords sale, assignment of servicing rights, only partial or full sale of the Note.

17. Plaintiff is confused by the alternate use of the words Notice of Sale, and Notice of Trustee Sale. Moreover the Deed of Trust defendant relies upon does not support such terminology or actions. However it is appears clear neither defendant "SPS" or any other party is owed a debt.

18. Defendant "SPS" is a debt collector pursuant to the FDCPA §1692a (6), attempting to collect a "debt" §1692a (5). In light of fact, even if defendant "SPS" was to attempt collecting a debt involving real estate property, it is required to comply with §1692i of the FDCPA. Accordingly §1692i requires defendant "SPS" or any other party to bring such collection action regarding real property only in a judicial district or similar legal entity in which such real property is located. (see, 15 USC §1692i)

19. Defendant "SPS" dunning notice in the form of Notice of Sale makes the threat to take a legal action in the form of non-judicial foreclosure may be a violation of §1692f (6)(a)(c)(8), §1692e(5) respectively.

20. Lastly, as stated the Plaintiff served upon defendant "SPS" a notice of dispute which requires defendant to verify and or validation of the alleged debt. (§1692g (1)(2)) The defendant is also required to cease collection of the debt until the debt collector obtains verification of the debt. (§1692g (b)) As of the filing of this Complaint, defendant "SPS" has not complied with the FDCPA, but still maintains it is conducting an illegal non-judicial foreclosure sale of Plaintiff's property on October 28, 2014.

21. Notwithstanding, none of "SPS" actions are in accordance with the alleged Deed of Trust it claims to be executed by Plaintiff. For example defendant "SPS" never served Plaintiff with an Acceleration Notice. Additionally the amounts claimed regarding interest and other charges are not in compliance with the Default Provisions set forth in the alleged Deed of Trust.

22. Plaintiff has suffered substantial anxiety, emotional, mental, grief, anger, embarrassment, worry, nausea, fear and insomnia just to name few damages sustained. Defendant "SPS" acts were a proximate cause of Plaintiffs damages. All conditions precedent has been met prior to Plaintiff filing this case.

V.                         FIRST CAUSE OF ACTION
VIOLATION OF 15 USC §1692, FAIR DEBT COLLECTIONS PRACTICES ACT
(Defendant "SPS")

23. Paragraphs 1-21 are re-alleged as though fully set out herein.

24. All paragraphs of this Complaint are expressly adopted and incorporated as if fully set forth herein.

25. Plaintiff is a "consumer" as defined in 15 USC§1692a (3). Defendant "SPS" is a "debt collector as defined in 15 USC§1692a (6). Defendant was attempting to collect a "debt" for "household purposes 15 USC§1692a (5). The dunning notices sent to Plaintiff constitute a communication within 1692a (2). Defendant "SPS" are not creditors pursuant to §1692a (4).

26. Defendant "SPS" provided several dunning notices which contained various amounts due and owing of $714,089.99 and $630,430.96 respectively. (§1692e(2)(a) Plaintiff served defendant with a Notice of Dispute on October 1, 2014. Defendant "SPS" is required to cease all collection activity until the debt collector obtains verification of the alleged debt. (§1692g (b)) Defendant "SPS" failed to provide proof of their alleged debt in compliance with 1692g (1)(2)(3), the amount of the alleged debt was not accurate, not itemized, and required Plaintiff to contact defendant for clarity.

27. Defendant "SPS" appear to have violated several other sundry provisions of the FDCPA which include, but are not limited to the following;

    a. Defendants violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

    b. Defendant violated §1692(f) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

    c. Defendants violated §1692(e)(8) requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is "acquired."

28. Defendants actions, behavior and conduct appear to be violative of the protections of the consumer Plaintiff contained in the FDCPA. Defendant's acts were intentional, willful, calculated, malicious and egregious, with the intent to cause significant harm and damages to Plaintiff. The acts complained of by Plaintiff, specifically "SPS" were done while defendant were engaging in deceptive acts meant to coerce Plaintiff using fear, threats, manipulation, and a fabrication of the law and facts.

29. Defendant "SPS" attempt to conduct a non-judicial foreclosure sale of Plaintiff's property appears to be a violation of §1692j. Defendant "SPS" was required to bring such action regarding real property in a judicial district or other similar legal entity. Defendant is not a creditor, Lender, nor mortgagee and therefore was not legally able to conduct, publicize, advertise or even perform any foreclosure sale of Plaintiff's property.

30. Defendants filing of an Assignment of Deed was a deceptive document which appears to be fabricated and subject to §1692j.

31. Defendant "SPS" Notice of Sale fails to name the WMALT 2007-OAS. (see, "Exhibit F") Additionally, defendant "SPS" notice does not contain the disclosures required pursuant to 1692e (11) alerting Plaintiff to the fact such notice was from a debt collector.

32. WHEREFORE, defendants "SPS" may be liable to Plaintiff under §1692k for statutory damages in the amount of at least $1000.00, plus actual damages, costs, attorney fees, punitive damages and such other relief that court deems necessary.

VII.  SECOND CAUSE OF ACTION
VIOLATION OF CALIFORNIA ROSENTHAL ACT§1788.1
(Defendant "SPS")

33. Paragraphs 1-32 are re-alleged as though fully set out herein.

34. Plaintiff is a presumed to be a "debtor" as defined in §1788.2(h) and may be considered a "person" as defined in §1788.2(g). Defendant "SPS" is collecting a "consumer debt" defined in 1788.2(f). Plaintiff is alleged to have engaged in a "consumer transaction" pursuant to §1788.2(e). At all times relevant defendant "SPS" was attempting to collect a "debt" in accordance with §1788.2(d).

35. Plaintiff served notice upon defendant "SPS" thereby disputing the alleged debt in accordance with the FDCPA. Defendant "SPS" had an obligation to not only validate and or verify the alleged debt, but to cease collection of the alleged debt until those requirements are performed. Defendant "SPS" did not verify the debt, yet continued to publish and promote a sale of Plaintiff's subject property. Defendants acts complained of may constitute a violation of §1788.10(d)(e), §1788.12(c)(d).

36. Defendants "CRU and APM" intentional acts of providing multiple dunning notices demanding to adverse amounts of $714,089.99 and $630,430.96 may be a violation of 1788.13(e). Additionally the use of WMALT 2007-OA3, as a creditor constitutes a violation of 1788.13(a)(k). Defendant "SPS" by advertising sale of Plaintiff's subject property by non-judicial action may be a violation of 1788.15(b)

37. Plaintiff has and continues to be significantly harmed by defendants "SPS" deceptive acts, oppression, and abusive debt collection activities. Plaintiff's harm includes but not limited to emotional distress, confusion, anxiety, significant harm to Plaintiff's consumer purchasing power, embarrassment, extension abusive litigation and costs, and humiliation.

38. WHEREFORE, the Plaintiff may be entitled to actual damages sustained by Plaintiff pursuant to 1788.30(a). In addition the defendant shall be liable pursuant to 1788.30(b) which shall not be less than one hundred dollars, ($100) nor greater than one thousand dollars ($1,000). Plaintiff is entitled to costs, attorney fees pursuant to 1788.30(c).

Dated: October 17, 2014

_Dee G. Marley_
Dee G. Marley, Plaintiff